**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRYAN W. BATES,**

    **Petitioner,**　　　　　　　**CASE NO. 2:10-CV-420**
　　　　　　　　　　　　　　　　　**JUDGE MARBLEY**
    **v.**　　　　　　　　　　　　　**MAGISTRATE JUDGE ABEL**

**ROBIN KNAB, WARDEN,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's Return of Writ, Petitioner's Traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.  The Magistrate Judge further **RECOMMENDS** that Petitioner alternatively may withdraw his unexhausted claim of ineffective assistance of appellate counsel by notifying the Court within fourteen (14) days that he intends to proceed solely on his remaining exhausted claims.

**FACTS and PROCEDURAL HISTORY**

This case involves Petitioner's March 27, 2008, convictions after a jury trial in the Guernsey County Court of Common Pleas on twelve counts of pandering sexually oriented matter involving a child, in violation of O.R.C. § 2907.322(A)(1) and thirty counts of illegal use of a minor in nudity oriented material, in violation of O.R.C. § 2907.323(A)(3).  The trial court sentenced Petitioner to an aggregate term of thirteen years incarceration.  *See Exhibits 6, 7 to Return of Writ.*  On January 22, 2009, Ohio's Fifth District Court of Appeals affirmed Petitioner's convictions.  *State v. Bates*, 2009 WL 154555 (Ohio App. 5th Dist. Jan. 22, 2009).  On June 17, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. Bates*, 122 Ohio St.3d 1410 (2009).

On May 12, 2010, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody in violation of the Constitution of the United States because the search warrant used to obtain evidence against him violated the Fourth Amendment (claim one); the evidence was constitutionally insufficient to sustain his convictions (claim two); he was denied effective assistance of trial counsel (claim three); and he was denied effective assistance of appellate counsel (claim four).

It is the position of the Respondent that this action must be dismissed as unexhausted. Respondent alternatively argues that Petitioner's claims are procedurally defaulted or without merit.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, however, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner has never presented a claim of ineffective assistance of appellate counsel to the state courts.  Although the time period has now expired to file an application to reopen the appeal

pursuant to Ohio Appellate Rule 26(B), Petitioner may still pursue a delayed Rule 26(B) application. Therefore, this action remains unexhausted.

Under 28 U.S.C. 2244(d), a one-year statute of limitations applies to the filing of habeas corpus petitions. Where, as here, the statute of limitations may bar petitioner from re-filing his habeas corpus petition after exhausting state remedies, the Court may stay habeas corpus proceedings under certain circumstances.

In *Rhines v. Weber,* 544 U.S. 269 (2005), the United States Supreme Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition....
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to

> "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber*, 544 U.S. at 277-278.

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Pace v. DiGuglielmo,* 544 U.S. 408 (2005). The United States Supreme Court has not yet further defined what may constitute "good cause" within the meaning of Rhines. *See Hnatiuk v. Trumbley,* 2008 WL 3305157 (E.D. Michigan August 11, 2008) (neither the United States Supreme Court nor any federal Circuit Court of Appeals has yet defined the "good cause" standard in *Rhines* ) (citation omitted).  *See also Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006)(discussing the split of authority in federal courts regarding what may constitute "good cause" within the meaning of *Rhines*)(citations omitted).

Regardless, however, of whether petitioner may establish good cause for failing, to date, to pursue a Rule 26(B) application in the state appellate court, the record fails to reflect that his claim of ineffective assistance of appellate counsel is potentially meritorious. This is because it does not appear from the record that petitioner will be able to establish adequate reasons for his failure to pursue a Rule 26(B) application to date, as required under Rule 26(B), which provides in relevant

part:

> (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
>
> ***
>
> (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

Because his ineffective assistance of appellate counsel claim is likely barred from review in the state appellate court, it is not potentially meritorious as that term is defined under *Rhines,* nor would a stay of proceedings be warranted for Petitioner to pursue a motion that has little, if any, likelihood of success. *See Williams v. Thaler*, 602 F.3d 291 (5th Cir.2010) ("[W]hen a petitioner is 'procedurally barred from raising [his] claims in state court,' his 'unexhausted claims are 'plainly meritless.'")(citing *Neville v. Dretke,* 423 F.3d 474, 480 (5th Cir. 2005); *see also Carter v. Friel*, 415 F.Supp.(2d 1314, 1321-22 (D.Utah 2006); *Scott v. Sheldon,* 2009 2982866 (N.D. Ohio September 11, 2009) (same), citing *Neville v. Dretke, supra; See also Sieng v. Wolfe,* 2009 WL 1607769, *7, Case No. 2:08-cv-0044 (S .D. Ohio Jun. 9, 2009); *Bailey v. Eberlin,* 2009 WL 1585006, *7, Case No. 2:08-cv-839 (S.D. Ohio Jun. 4, 2009); *Carter v. Friel,* 415 F.Supp.2d 1314, 1321-22 (D.Utah 2006).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. The Magistrate Judge further **RECOMMENDS** that Petitioner alternatively may withdraw his unexhausted claim of ineffective assistance of appellate counsel by notifying the Court within fourteen (14) days that he intends to proceed solely on his remaining

exhausted claims.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

                                               s/Mark R. Abel  
                                               United States Magistrate Judge